UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DARIN LEE MEEKS,<br><br>Defendant. | Case No. 1:19-cr-00160-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The defendant in this matter is representing himself. He has several motions before the Court. *See* Dkts. 91, 92, 95, 96, 100, 101. For the reasons explained below, the Court will deny the majority of these motions, although it will supply defendant with a copy of the docket sheet in this matter, the order setting the January 19, 2021 trial date and other pretrial deadlines in this case, and the Court's general order regarding criminal procedures. All other requests will be denied.

## ANALYSIS

**1. Motion to Quash Subpoena – Dkt. 91**

In a motion styled as a "Motion to Quash Subpoena or Modify," the defendant generally asserts that he has a right to challenge the grand jury selection process. He does not, however, assert any specific problems or irregularities with

the grand jury selection process in this case. Further, he does not specify what relief he is seeking. The motion is captioned as one to "quash a subpoena." The Court will construe the motion as seeking a dismissal of the indictment. The Court will deny the motion because defendant has not cited any authority or argument that would warrant such relief.

**2. Motion for Transcript of October 7, 2020 Hearing – Dkt. 92**

Defendant also requests the transcript for the October 7, 2020 hearing in this matter. At that hearing, the Court granted defendant's former attorney's motion to withdraw as counsel, conducted a *Faretta* hearing, concluded that Mr. Meeks would be allowed to represent himself in this hearing, and appointed standby counsel. *See* Dkts. 89, 90; *see generally Faretta v. California*, 422 U.S. 806 (1975).

Defendant does not explain why he needs the transcript of this particular hearing to mount a defense to the charges against him. Generally, a criminal defendant may be entitled to a free transcript upon a showing that a particular transcript is "reasonably necessary" to an effective defense. *See generally United States v. Rosales-Lopez*, 617 F.2d 1349, 1355 (9th Cir. 1980) (observing that, "where a mistrial has occurred, courts have generally regarded a transcript of the prior trial as a tool 'reasonably necessary' to an effective defense and have deemed it error to refuse to provide the defendant with such a transcript, provided that a

timely request is made for its production."). Because defendant has not explained why this transcript is reasonably necessary to an effective defense, the Court will deny this request. The Court will deny the motion without prejudice, however. The defendant is free to file another request for this transcript, but he will need to explain why having a copy of that transcript is reasonably necessary to defending the charges he faces in this matter.

**3. Motion for Injunction (Dkt. 95); Motion Challenging Jurisdiction (Dkt. 100)**

Defendant also asks the Court for an injunction, or a stay of all proceedings in this matter "for an undisclosed / or Determined Amount of time . . . ." *Motion for Injunction,* Dkt. 95, at 1. In a similar, later-filed motion (Dkt. 100), defendant challenges this Court's jurisdiction over him. The logic in both of these motions is as follows:

1. Defendant's name is Darin Lee Wideman – not Darin Lee Meeks.
2. The name DARIN LEE MEEKS, as it appears in the caption in this matter, is written out in all capital letters.
3. The fact that the name DARIN LEE MEEKS appears in all capital letters means the defendant in this case is a corporation or an organizational defendant as referenced in Federal Rule of Criminal Procedure 43(b).
4. Darin Lee Wideman is a "living flesh and blood" person and *that* name "is not the name on said Complaint." *See Nov. 12, 2020 Motion,* Dkt.

MEMORANDUM DECISION AND ORDER - 3

      100; *see also Oct. 21, 2020 Motion,* Dkt. 95 ("The Court has no jurisdiction over my flesh and blood self.").

5. Therefore, the Court should dismiss the indictment against Darin Meeks, an organization, for lack of jurisdiction.

The Court is not persuaded by this logic. The Court plainly has jurisdiction to resolve this criminal matter. Granted, if someone named Darin Meeks allegedly committed a crime, and a separate person, named Darin Wideman, is before the Court, then the government presumably will not be able obtain a conviction in this case. It will be the Government's burden at trial to prove beyond a reasonable doubt that the Defendant – whether he now uses or has previously used the name of Darin Meeks, Darin Wideman, or some other first and last name – committed the criminal acts charged in the indictment. The defendant is obviously free to challenge the Government's proof that he is the individual who committed those criminal acts, but the Court will not entertain any further motions that rely on the logic outlined in paragraphs (1) through (5) above. *Defendant should be aware that any further motions relying on this logic will be summarily denied.*

### 4. Motion for Other Documents – Dkt. 96

In a letter request, defendant asks for "all the legal work concerning this case," "all the deadlines for motions," "copies of every document filed" along with "instructions on a Bivens Action and any Documents that goes with the Bivens

MEMORANDUM DECISION AND ORDER - 4

Action." Dkt. 96. In many respects, this letter illustrates defendant would be better off with counsel. The reference to a Bivens Action suggests that the defendant has a fundamental misperception about the nature of this case. This Court strongly advised defendant against proceeding without counsel, as the defendant now must undertake the skilled and complex work lawyers perform.

The Court will supply copies of the docket sheet, but it will not undertake to provide him with a copy of every document in this case at this point. If, however, defendant wishes to review the docket sheet and select specific documents he would like to receive, the Court will entertain that request. Otherwise, the Court will not set out all deadlines for motions in this case. It is defendant's responsibility to ascertain and comply with the many deadlines applicable to a criminal matter. That said, the Court will supply defendant with a copy of General Order No. 352, which is the Court's Revised Criminal Procedure Order. The Court will also supply defendant with a copy of the September 29, 2020 Order (Dkt. 85) establishing the trial date in this matter.[1] Defendant should be aware that the

---

[1] This order was filed before the Court granted the motion to sever. Thus, the order indicates that all defendants will be tried together. This is no longer true, as the Court has now severed Mr. Meeks' case for trial. Mr. Meeks should be aware, however, that the deadlines referenced in that order remain applicable to him. In other words, he will still need to file any pretrial motions by **December 18, 2020**, and he will need to be ready for the telephonic pretrial conference on **January 7, 2021.** And of course, he will need to be ready to proceed to trial on **January 19, 2021.**

MEMORANDUM DECISION AND ORDER - 5

September 29, 2020 order establishes a **December 18, 2020** deadline for filing pretrial motions. That order further indicates that the Court will conduct a telephonic scheduling conference at **4:00 p.m. on January 7, 2020 telephonic scheduling** conference. Defendant should be aware that by supplying a copy of these orders, the Court is not advising defendant that these are the only deadlines and procedural rules applicable to his case.

Also, regarding his request for "every document" filed in this case, the defendant should work with his former attorney to get his case file; presumably standby counsel can assist him in that regard.

**5. Motion for Prosecutor to Produce a 1020 – Dkt. 101**

Finally, in his most recent motion, defendant asks the Court to order the prosecutor to "produce a 1020 for this case." *Nov. 12, 2020 Motion,* Dkt. 101, at 1. The Court does not know what this means, and the defendant has not cited any authority explaining what a 1020 is in this context, nor has he cited any authority for such an order. Accordingly, the Court will deny the motion.

## ORDER

IT IS ORDERED that:

1. Defendant's Motion to Quash Subpoena (Dkt. 91) is **DENIED.**

2. Defendant's Motion for the October 7, 2020 Transcript (Dkt. 92) is **DENIED WITHOUT PREJUDICE.**

3. Defendant's Motion for an Injunction (Dkt. 95) is **DENIED.**

4. Defendant's letter request for various documents (Dkt. 96) is **GRANTED in part and DENIED in part** as follows: The motion is **GRANTED** to the extent that the Court will direct the Clerk to provide defendant with copies of: (1) the docket sheet in this matter; (2) a copy of the September 29, 2020 Order establishing the January 2021 trial date (Dkt. 85); and a copy of General Order 352 (including General Order 319, which is referenced in General Order 352). The motion is **DENIED** in all other respects.

5. Defendant's Motion Challenging Jurisdiction (Dkt. 100) is **DENIED.**

6. Defendant's Motion for Prosecutor to Produce a 1020 (Dkt. 101) is **DENIED.**

DATED: November 23, 2020

_____
B. Lynn Winmill
U.S. District Court Judge